```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,
                                                    12-CV-6470T

             v.                                     DECISION
                                                    and ORDER

JAMES W. RULISON,

                        Defendant.
_____
```

INTRODUCTION

Plaintiff United States of America ("the government" or "United States") brings this action to recover alleged debts owed by defendant James Rulison ("Rulison"). According to the plaintiff, at the time the Complaint was filed, Rulison owed income taxes, penalties, and fees in the amount of $962,417.22 which includes amounts of $895,493.46 for tax year 2000, and $66,923.76 for tax year 2001. Plaintiff now moves for summary judgment against Rulison in the amount of $1,013,781.27 plus interest and fees, claiming that there are no issues of fact in dispute, and that as a matter of law, it is entitled to judgment in its favor. Specifically, the United States contends that it has established that Rulison owes the amounts sought, and that he has failed controvert the plaintiff's evidence, or establish any valid defense to plaintiff's claim.

Rulison, proceeding pro se, opposes plaintiff's motion, and contends that the United States is barred by the statute of

limitations from attempting to collect the taxes allegedly owed. Specifically, he claims that more than 10 years has passed since the debts were assessed, and as a result, the government is prohibited under the applicable statute of limitations from bringing this action against him. He further alleges that at a minimum, there is a question of fact as to whether or not the statute of limitations prohibits the government from attempting to collect the alleged debt.

For the reasons set forth below, I find that the government is not barred by the statute of limitations from attempting to collect the debt owed by the defendant; that the government has established that the debt is valid; and that the government is entitled to summary judgment. I therefore grant plaintiff's motion for summary judgment.

## BACKGROUND

The Complaint in this action alleges that on November 16, 2001, and June 10, 2002, a delegate of the Secretary of the Treasury issued tax assessments against the defendant for tax years 2000 and 2001, respectively. Although the initial amount of the assessments is not disclosed in the Complaint, plaintiff alleges that as of August 13, 2012, Rulison owed $895,493.46 in taxes, penalties, and interest for tax year 2000, and $66,923.76 for tax year 2001.

Plaintiff alleges that on August 15, 2002, Rulison offered to compromise the debts at issue. According to the government, the offer of compromise remained pending until May 22, 2003, when the government acknowledged in writing defendant's withdrawal of his offer. Rulison contends that he withdrew his offer in April, 2003, and that the limitations period began to run once he withdrew his offer, or in the alternative, when an agent of the government informed him that his offer would be rejected if not withdrawn. He contends that if the court determines that the offer was withdrawn in April, 2003, then the pending action is untimely.

## DISCUSSION

I. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Tolan v. Cotton, ___, U.S., ___ 134 S. Ct. 1861, 1863 (2014). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott v. Harris, 550 U.S. 372, 380 (2007)(citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

3

II. <u>The Instant Action is Timely</u>

Defendant contends that the instant action is untimely because it was brought by the government more than ten years after the alleged tax debts were originally assessed. I find, however, that because the limitations period for bringing the instant action was stayed while defendant's offer to compromise the debts was pending before the government, the Complaint in this action is timely.

Pursuant to 26 U.S.C. § 6502(a)(1), a proceeding to collect a delinquent tax debt must generally be brought "within 10 years after the assessment of the tax." Where there is an offer of compromise of the debt, however, the 10 year limitations period is stayed during the pendency of the offer. <u>See</u> 26 U.S.C. § 6503(a)(1)(staying limitations period during any period in which the government is prohibited from making an assessment or levy against a taxpayer); 26 U.S.C. § 6331(k)(1)(prohibiting government from making assessment or levy against taxpayer while an offer of compromise is pending, or within 30 day time period after offer is rejected).

In the instant case, the debts at issue were assessed on November 26, 2011 and June 10, 2012, respectively. On August 15, 2002, the government received an offer of compromise from the defendant, and as a result, the limitations period for bringing an action to enforce the assessments was stayed while the government considered defendant's offer. On April 24, 2003, the government

sent Rulison a form for withdrawing his offer of compromise, and asked him to complete and return the form. See April 24, 2003 Letter from Daniel J. DeCoux to James Rulison, attached as Exhibit "A" to the Defendant's Opposition to Plaintiff's Motion for Summary Judgment. According to Rulison, he signed the form withdrawing his offer, and returned it to the government shortly after receiving the form. See July 7, 2014 Affidavit of James W. Rulison, attached as Exhibit "B" to the Defendant's Opposition to Plaintiff's Motion for Summary Judgment. According to the records of the Internal Revenue Service, the government acknowledged the withdrawal of Rulison's offer of compromise on May 22, 2003. See May 3, 2014 Transcript of Official Taxpayer Record for James Rulison, attached as Exhibit "B" to Plaintiff's Motion for Summary Judgment. Accordingly, because withdrawal of an offer of compromise is not effective until the government has acknowledged the withdrawal, the effective date of defendant's withdrawal of his offers was May 22, 2003. See United States v. Clinkscale, No. 4:12 CV 00080, 2014 WL 3749407, at *6 (N.D. Ohio July 30, 2014)(offer of compromise "ceases to be pending for purposes of the statute of limitations when an IRS officer, in writing, 'accepts, rejects or acknowledges withdrawal of the offer.'" (quoting United States v. Donovan, 348 F.3d 509, 512 (6th Cir.2003)); United States v. Bourger, No. CIV. 07 1447 (GEB), 2008 WL 4424810, at *3 (D.N.J. Sept. 24, 2008)(discussing IRS form which indicates that an offer of

5

compromise "remains pending until an authorized IRS official accepts, rejects, returns or acknowledges the withdrawal of the offer in writing.")

Based on the dates that the defendant's offer of compromise was accepted and rejected, August 15, 2002 and May 22, 2003, respectively, the 10 year limitations period was stayed for 280 days. Accordingly, the limitation period for the November 26, 2001 assessment was extended until September 1, 2012: 280 days after November 26, 2011, the date on which the limitation period would have expired absent a stay. With respect to the assessment made on June 10, 2002, the limitation period for bringing an action to enforce that assessment expired on March 16, 2013. Because plaintiff brought this case on August 31, 2012, prior to the expiration of the limitation periods for both assessments, the instant action is timely.

Rulison contends that the stay of the limitations period was shorter than 280 days because he withdrew his offer in April, 2003, or, alternatively, because he was informed in April, 2003 that his offer would be rejected by the government if he did not withdraw it. Rulison argues that the stay of the limitations period should have ended when he signed the form withdrawing his offer, or, when he was verbally informed that the offer would be rejected. He claims that if such a date were adopted, the instant action would be untimely with respect to the assessment for tax year 2000.

As stated above, however, it is clear under statutory and case law that any rejection by the government of an offer of compromise must be in writing.  Similarly, a withdrawn offer of compromise must be formally acknowledged by the government before the withdrawal is legally operative for purposes of lifting the stay of the limitations period.  Because the government did not formally acknowledge the withdrawal of defendant's offer of compromise until May 22, 2003, the limitations period was properly stayed from August 15, 2002 until May 22, 2003.

III. <u>Plaintiff is Entitled to Summary Judgment</u>.

Through the use of admissible evidence, including certified government records, the government has established that Rulison is liable for the tax debts assessed on November 26, 2001, and June 10, 2002, as well as interest and penalties on those assessments.  Defendant does not contest the assessments, and has failed to controvert the government's evidence establishing the amounts owed.  Accordingly, I find that plaintiff is entitled to summary judgment, and it is hereby:

ORDERED that a judgment in the amount of $1,013,781.27 plus interest and any applicable statutory additions accruing after May 7, 2014 be entered in favor of the government.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 21, 2015